**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| KORASAN LLC dba MODA GINO'S,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL'S GUAM, INC., PICHET "PAUL" SACHDEJ, and AMARJIT "JIM" SACHDEV,<br><br>Defendants. | Superior Court Case No. <u>CV0755-17</u><br><br>**DECISION AND ORDER**<br>**RE MOTIONS IN LIMINE** |

This matter came before the Honorable Elyze M. Iriarte on Defendants Paul's Guam Inc., Pichet "Paul" Sachdej, and Amajit "Jim" Sachdev's (collectively, "PGI") June 12, 2019 Motion in Limine and Plaintiff Korasan LLC dba Moda Gino's ("Korasan") July 19, 2019 Motion in Limine No. 2; or in alternative, Motion to Strike. After considering the parties' arguments and relevant law, the Court GRANTS IN PART and DENIES IN PART each party's Motion.

## I. PROCEDURAL AND FACTUAL HISTORY

Korasan's Complaint alleges trademark infringement, violations of the Deceptive Trade Practices Act, and tortious interference with contracts and economic expectancy against PGI for selling school uniforms with trademarked logos Korasan alleges it has the sole license to sell. Compl. (Aug. 1, 2017). Discovery commenced, which both parties agree closed on June 22, 2018. Defs.' Am. Mot. Limine at 3 (July 19, 2019); Pl.'s Opp'n at 4 (Aug. 16, 2019); Stip. at ¶ 5 (April 5, 2019). Korasan has since filed nine supplements to PGI's First Request for Documents, six supplements to its Initial Discovery Disclosures, and an August 9, 2019 Amended Pre-Trial

ORIGINAL

Disclosures which identified specific witnesses by name. PGI now asks the Court to exclude multiple witnesses and documents described in Korasan's supplemental disclosures as untimely disclosures under Guam Rule of Civil Procedure 37(c)(1). Defs.' Am. Mot. Limine at 2-6. They also assert their right to a twelve person jury trial on all their causes of action. *Id.* at 7-9.

Korasan objects to PGI's Trial Brief, which Korasan alleges informs the Court for the first time that PGI intends to seek a verdict for specific damages as part of their affirmative defenses. Pl.'s Mot. Limine at 1 (July 19, 2019). It asks the Court to strike these affirmative defenses as improper, disguised counterclaims. *Id.* at 2. PGI urges the Court to overrule Korasan's objections. Defs.' Am. Mot. Limine at 9-13. The Court vacated the trial date pending resolution of Korasan's objections to PGI's Trial Brief and both parties' motion in limine.

## II.  LAW AND DISCUSSION

### A. PGI's Motion in Limine

#### 1. Exclusion of Korasan's Witnesses and Evidence

The Court first determines whether to exclude certain witnesses and documents listed by Korasan. Under Guam Rule of Civil Procedure 37(c)(1), the Court may exclude a party from using evidence at trial that it has failed to disclose to the other party as required by Rule 26(a) or 26(e)(1). Rule 26(a)(1)(A) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information...." The purpose of the rule is to give opposing parties a reasonable opportunity to prepare for trial or make an informed decision about settlement. *See Patton v. Wal-Mart Stores, Inc.*, 2013 WL 6158461, at *3 (D. Nev.) (citing *Sylla–Sawdon v. Uniroyal*

ORIGINAL

*Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995), *cert. denied*, 516 U.S. 822 (1995)); *see also* Fed. R. Civ. P. 26 advisory committee note, 1993 amendments, subdivision (a).

Korasan intends to call Carmen Rosario, Lorna Ragadio, Begonia Flores, Christine Perez, and Gurvinder Sobti as witnesses. Pl.'s Witness List (June 12, 2019); Pl.'s Opp'n at 2-3 (Aug. 16, 2019). The first three witnesses allegedly head their specific Department of Education ("DOE") schools. Pl.'s Opp'n at 8. Korasan first disclosed Carmen Rosario by her position title as "Tiyan High School head of PTO and/or Principal" in its October 20, 2017 Initial Discovery Disclosures. It later identified her by her personal name after discovery closed, but the Court finds that its initial disclosure of her position gave PGI adequate notice and time to seek Tiyan High School's head representative to prepare for trial. The Court therefore DENIES PGI's request to exclude Rosario from trial.

However, Korasan alleges it disclosed Ragadio and Flores as "witnesses" by including "Contract for Okkodo High School" under the Exhibits title in its initial disclosures. Berman Decl., Ex. C-1 (Aug. 19, 2019). Korasan had an affirmative duty to disclose potential witnesses before discovery closed--referencing them back-hand as an exhibit in its initial discovery disclosures does not satisfy this duty. Save for a role in authenticating the Okkodo contract during trial, *Moore v. BASF Corp.*, 2012 WL 4344583, at *3 (E.D. La.) (failure to disclose was harmless if the witness's role at trial is limited to the authentication of documents), the Court GRANTS PGI's request to exclude Ragadio and Flores as witnesses.

Finally, the Court will not exclude Perez as a witness so long as her testimony is limited to explaining or disproving any evidence presented by PGI at trial because Korasan has represented that it will limit her testimony to rebuttal. Pl.'s Opp'n at 9; *See Riel v. Warden*, 2010 WL 4628142, at *4 (E.D. Cal.) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759

ORIGINAL

(8th Cir. 2006) ("'The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.'")). The Court thus DENIES PGI's request to exclude Rosario and Perez from testifying at trial.

However, Sobti was neither identified by name nor by his position before the close of discovery. Korasan first identified Sobti in its August 9, 2018 Amended Pre-Trial Disclosure, more than a month after discovery closed. Korasan does not explain why it did not disclose his identity earlier. Absent a showing of justification or harmlessness, Rule 37(c)(1)'s exclusion sanction is automatic, "designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Because Korasan offers no substantial justification for the late disclosure nor shown that the delay was harmless, *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir.2008) (party facing sanctions has burden to show harmlessness or substantial justification), the Court GRANTS PGI's request to exclude Sobti as a witness at trial due to Korasan's failure to disclose his identity before June 22, 2018.

The Court now turns to the documents PGI seeks to exclude from trial. Rule 26(a)(1)(B) requires a party to disclose "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment...." Rule 26(e) requires a party who has previously disclosed information under Rule 26(a) to supplement its disclosure to include information acquired after its initial disclosure.

Korasan contends that the disputed documents should not be excluded from trial because they are either documents PGI failed to produce during discovery, documents that should be in PGI's custody, documents that Korasan only recently discovered, or documents that will only be used for rebuttal purposes. Pl.'s Opp'n at 10-11. As expressly stated in Rule 26, the documents

ORIGINAL

Korasan must disclose before the close of discovery are documents it has in its possession, custody, or control for the purpose of enabling the opposing party to make an "informed decision concerning which documents might need to be examined, at least initially, and [] to frame their document requests...." Fed. R. Civ. P. 26 advisory committee note, 1993 Amendments, subdivision (a), subparagraph (B). The rule presupposes that the documents are not in the opposing party's possession, custody, or control. *Id.* (the purpose of initial disclosures under Rule 26(a) is "to accelerate the exchange of basic information about the case" and to facilitate "early disclosure [of]...types of information that have been customarily secured early in litigation through formal discovery"). To the extent that the documents PGI seeks to exclude are or should be in their possession, custody, or control, or will only be used as rebuttal evidence, the Court DENIES PGI's request to exclude them.[1]

Korasan also argues that its Supplemental Expert Report should not be excluded from trial because its numerical adjustments correct and update certain calculations in the original report, whereas PGI argues it is a "new and improved expert report." Pl.'s Opp'n at 13-14; Defs.' Reply at 5 (Aug. 30, 2019). A supplemented report must only "correct[] inaccuracies...based on information that was not available at the time of the initial disclosure." *Luke v. Family Care & Urgent Med. Clinics*, 323 F.Appx. 496, 500 (9th Cir. 2009) (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D.Mont. 1998). Having reviewed the report, the Court finds that it adjusts numbers based on the passage of time and information not disclosed at the time of its initial disclosures. Accordingly, the Court DENIES PGI's request to exclude it as evidence from trial.

### 2. **Korasan's Right to a Jury Trial of 12 on All Issues**

---

[1] The Court's decision relies on Korasan's representation that the documents it has recently discovered and disclosed will be solely used for rebuttal purposes or are documents PGI has in its possession.

ORIGINAL

PGI also asserts its right to a jury trial on all causes of action. Korasan contends that Guam law does not permit a jury trial for the DTPA claims or for issues involving equity. Pl.'s Mot. Limine at 13-15 (July 19, 2019). The DTPA states that "[t]here shall be no right of jury trial in any civil action brought pursuant to this chapter, except to the extent mandated by the Organic Act of Guam and the Constitution of the United States." 5 GCA § 32106. The Court must therefore determine whether the U.S. Constitution, as extended to Guam by the Organic Act, offers a litigant pursuing a DTPA claim a right to a jury trial.

The Court first examines the scope of the right guaranteed by the Constitution. As stated in *Torres v. Superior Court of Guam*, "[b]y virtue of 48 U.S.C. § 1421b(u), the Seventh amendment applies to Guam." 1990 WL 320360, at *3 (D. Guam App. Div.). That amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." *Id.* The *Torres* court concluded that "there is a constitutional right to a jury trial on Guam." *Id.*

Since there is a constitutional right to a jury trial on Guam for "suits at common law," the Court must resolve whether the DTPA presents a common law question. The U.S. Supreme Court has explained the term to "mean[]...not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered...In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights." *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830) (J. Story) cited in *Curtis v. Loether*, 415 U.S.

ORIGINAL

189, 193 (1974). Codified causes of action, such as the DTPA, are included. *See Curtis*, 415 U.S. at 193 ("Although the Court has apparently never discussed the issue at any length, we have often found the Seventh Amendment applicable to causes of action based on statutes."). In *Curtis*, the U.S. Supreme Court examined whether a party was entitled to a jury trial for a claim alleging a violation of the Civil Rights Act of 1968. The Court held that a cause of action that allows a party to pursue damages resembles a claim at common law and that a cause of action for violations of the Civil Rights Act resembled actions recognized at common law.

In creating the DTPA, the Guam Legislature permitted the recovery of damages as well as injunctive relief. 5 GCA § 32112. As is the case with civil rights violations, the torts of deceptive conduct have long been recognized in common law. *See, e.g., State v. Abbott Labs.*, 816 N.W.2d 145, 156 (Wis. 2012) (a DTPA claim in Wisconsin is "an essential counterpart to the common law claim of 'cheating'").

The Court also notes that PGI requests damages as part of its DTPA claim. In addition to injunctive relief, PGI seeks "a substantial loss of net profit in an amount to be determined at Trial, plus treble damages, interest, legal fees and costs...." Defs.' Trial Br. at 9 (June 12, 2019). This request is typically awarded in connection with legal claims. Given the nature of PGI's DTPA claim, the Seventh Amendment guarantees PGI's right to a jury on its DTPA claims.

Turning to the trademark infringement claims, the Court applies a similar reasoning. Guam's trademark law is silent with regard to a litigant's right to a jury, so the Court looks to other case law for guidance. *See generally* 5 GCA §§ 20410-20414. Under the Lanham Act, courts have found parties entitled to a jury trial when damages are involved but not when solely equitable remedies are sought. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015); *see also Ideal World Mktg., Inc. v. Duracell, Inc.*, 997 F. Supp. 334,

ORIGINAL

336 (E.D.N.Y. 1998). Because the remedy sought by PGI is legal in nature, the Court finds that PGI has a constitutional right to have a jury hear Korasan's trademark infringement claims.

However, the Court finds that PGI is not entitled to a jury of twelve members. Guam Rule of Civil Procedure 48 states that "[t]he court shall seat a jury of not fewer than six and not more than twelve members." Moreover, unless otherwise stipulated, the verdict shall be unanimous and not taken from a jury of less than six members. GRCP 48.

Guam's rule derives from the 2003 version of Federal Rule of Civil Procedure 48. The U.S. Supreme Court has long held that "a jury of six satisfies the Seventh Amendment's guarantee of trial by jury in civil cases." *Colgrove v. Battin*, 413 U.S. 149, 160 (1973). The Court also notes that the prior version of FRCP 48 allowed the parties to stipulate to the size of the jury. After an amendment in 1991, the stipulation option was eliminated, giving the Court the discretion to impanel a jury between six and twelve. *See also* Fed. R. Civ. P. 48 practice commentary ("the number of jurors to empanel is left to the trial court's discretion"). The number of jurors, therefore, falls within the discretion of the Court, and there is no right to empanel a jury of twelve for a civil trial.

The Court exercises that discretion by using the traditional considerations of time and the ease of administering to a smaller jury size. In this case, the trial is expected to last two to three days. Within those two to three days, it is less likely that the Court will lose a jury member due to illness or unforeseen circumstances, which usually occurs when a trial extends beyond a week. There is also less overall administrative burden in administering to a jury of six, as opposed to twelve.

The Court also rejects PGI's argument that it is entitled to a jury of twelve based on research claiming a larger jury will benefit their side. The Court has not received that research,

nor would it rely on that kind of research. A jury must be composed of impartial persons; the Court will not choose a jury size based on its partiality to either party. Instead, the Court considers the size that satisfies constitutional requirements and reflects the complexity and duration of the trial.

Therefore, unless the parties have altered their estimate of time for trial, the Court intends to empanel a jury of eight members. A verdict returned by eight, or at least six members, satisfies Rule 48 and the Seventh Amendment. If PGI has paid for a jury of twelve, then the Court will issue an order which credits PGI $200.00, the difference between a jury demand cost for a jury of six versus twelve. Accordingly, the Court GRANTS IN PART and DENIES IN PART PGI's jury demand.

### B. Korasan's Motion in Limine

Korasan asks the Court to strike the "disguised counterclaims" in PGI's Trial Brief under Rule 12(f), which provides that the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." PGI asserts they are not alleging counterclaims but recoupment as an affirmative defense. Defs.' Opp'n at 5-6.

Recoupment is an equitable doctrine that "arise[s] out of the same transaction that is the subject matter of the plaintiff's action and it can only be used to reduce or avoid the plaintiff's recovery...[it] differs from a counterclaim, which may arise out of a separate transaction and allows for affirmative relief and recovery in excess of that sought by the plaintiff...." *Bautista v. Torres*, 2017 Guam 17 ¶ 29 (internal citations and quotations omitted). Because PGI does not seek relief that exceeds Korasan's damages (Defs.' Opp'n at 8), the Court must only determine if PGI meets the "same transaction" prong.

ORIGINAL

The Supreme Court has stated that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926); *see also Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1966) ("In deciding what is a transaction, we take note that the term gets an increasingly liberal construction."). PGI argues that their recoupment claims arise out of the same series of transactions as Korasan's claims because their alleged infringements, tortious breaches of duty, sale of uniforms, or contracts for the sale of the school uniforms defenses are all a "'transaction' that includes a series of many occurrences, which, obviously, have a logical relationship to each other and are based upon the same subject matter or matters." Defs.' Opp'n at 16. PGI is essentially arguing that because the same aggregate set of operative facts serve as the basis of both parties' claims, recoupment applies. *Id.* The Court disagrees.

"The fact that the same two parties are involved, and that a similar subject matter gave rise to both claims [] does not mean that the two arose from the 'same transaction.'" *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984). As Korasan states, the parties have no direct relationship or transactions because they "each engage in business with, by definition, different groups of people." Pl.'s Mot. Limine at 6. Moreover, "the typical situation in which equitable recoupment can be invoked involves a credit and debt arising out of a transaction for the *same goods or services*." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1402–03 (9th Cir. 1996) (emphasis in the original) (quotations omitted). Recoupment is typically only applied when "it would...be inequitable for the debtor to enjoy the benefits of the transaction without also meeting its obligations." *Id.* at 1403; *see also* 20 Am. Jur. 2d Counterclaim, Recoupment, Etc. § 38. Though Korasan's and PGI's claims may share a fact pattern, their relationship cannot be

ORIGINAL

characterized as one of debtor and debtee, or as one where one party has contractual obligations to the other in which transactions between the two would occur. PGI fails at alleging recoupment because it does not meet the same transaction prong.

Rule 12(f) permits the Court to act on its own initiative in striking a defense beyond 20 days after the pleadings. Motions to strike under Rule 12(f) are generally highly disfavored, *Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D.N.J.2002), because they can be seen as a movant's dilatory tactic. *See Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir.2001). Therefore, when ruling on a motion to strike, "the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law." *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F.Supp. 1360, 1362 (D. Del. 1988) (citations omitted). "[T]he insufficiency of the defense [must be] 'clearly apparent.'" *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986), *rev'd on other grounds*, 505 U.S. 504 (1992) (citations omitted). As detailed above, PGI fails to allege recoupment as a defense.

Korasan also argues that PGI has failed to proffer evidence demonstrating how it computed $1,657,526.90 in damages. Pl.'s Mot. Limine at 9-11. PGI claims it "already timely disclosed to [Korasan] all evidence of the damages incurred by [PGI]." Defs.' Opp'n at 12. Based on PGI's representation, PGI is precluded, without substantial justification, from introducing any evidence at trial of their computation of damages that they have not already disclosed under Rule 26. GRCP 37(c)(1).

Accordingly, the Court GRANTS Korasan's Motion to bar PGI from introducing any evidence at trial that supports their computation of $1,657,526.90 in damages that they have not already disclosed. Moreover, under the Court's discretion to strike a defense at any time under

ORIGINAL

Rule 12(f), the Court STRIKES PGI's affirmative defenses seeking damages under the recoupment doctrine from its Answer.

## III. CONCLUSION

The Court GRANTS PGI's request to exclude Ragadio, Flores, and Sobti as witnesses save for the authentication of documents disclosed prior to the close of discovery but DENIES PGI's request to exclude Rosario and Flores Perez from testifying at trial. Furthermore, the Court DENIES PGI's request to exclude certain documents Korasan disclosed after discovery closed and DENIES PGI's request to exclude Korasan's Supplemental Expert Report. It also GRANTS PGI's jury demand on all claims but DENIES PGI's demand for a twelve-person jury. Finally, the Court GRANTS Korasan's Motion to preclude PGI from introducing evidence related to their damages that they have not already disclosed, and STRIKES PGI's affirmative defenses seeking damages under the recoupment doctrine from its Answer.

The Court sets a Trial Setting Conference on November 20, 2019, at 9:00 a.m.

SO ORDERED this 6th day of November 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the foregoing hereto was placed in the

BERMAN
TAITANO
11/6/19 3pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:    Daniel J. Berman for Korasan LLC dba Moda Gino's
Carlos L. Taitano for Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev

ORIGINAL